Joseph J. SKUKAN, Petitioner,

v.

CONSOLIDATED COAL COMPANY; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 92–3281.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 17, 1992.

Decided Jan. 27, 1995.

**5.** *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 1527, 113 L.Ed.2d 622 (1991).

Timothy F. Cogan (briefed and argued), Cassidy, Myers, Cogan & Voegelin, Wheeling, WV, for petitioner.

William S. Mattingly (brief and argued), Jackson & Kelly, Morgantown, WV, for Consolidated Coal Co.

Rae Ellen Frank James, Christian P. Barber, Matthew P. Levin (briefed and argued), U.S. Dept. of Labor, Office of the Sol., Washington, DC, for Director, Office of Workers' Compensation Programs, United States Dept. of Labor.

Before: KEITH and JONES, Circuit Judges; and JOINER, District Judge.[*]

PER CURIAM.

■ Petitioner Joseph J. Skukan sought review in this court of a Benefits Review Board ("BRB") decision denying his application for black lung disability benefits pursuant to the provisions of the Black Lung Benefits Act, 30 U.S.C. §§ 901–945 (1988 & Supp. II 1990). We reversed the decision of the BRB. *Skukan v. Consolidation Coal Co.*, 993 F.2d 1228 (6th Cir.1993). Respondent Consolidated Coal Company then petitioned the United States Supreme Court for review of our decision. The Supreme Court simultaneously granted certiorari and vacated and remanded the case for further consideration in light of its opinion in *Director, OWCP, Dep't of Labor v. Greenwich Collieries,* — U.S. ——, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994). *Consolidation Coal Co. v. Skukan,* — U.S. ——, 114 S.Ct. 2732, 129 L.Ed.2d 854 (1994). Having considered that opinion, we **AFFIRM** the determination of the BRB on the ground that Skukan failed to show that he suffered from pneumoconiosis.

■ In seeking benefits under the Black Lung Act, a claimant must make three showings: (1) that he suffers from pneumoconiosis; (2) that his pneumoconiosis arose, at least in part, out of his coal mine employment; and (3) that he is totally disabled due to, at least in part, pneumoconiosis. *Adams v. Director, OWCP,* 886 F.2d 818, 820, 825 (6th Cir.1989). The Administrative Law Judge ("ALJ") who heard Skukan's claim determined that Skukan had made the first two showings but had failed to make the third and the ALJ denied Skukan benefits for this reason. The BRB affirmed this determination. We reversed, holding that the ALJ misconstrued the evidence with regard to the third showing. At the same time, we affirmed the ALJ's application of the "true doubt" rule to find that Skukan had made the first showing that he had pneumoconiosis. The true doubt rule, which the Department of Labor had applied for more than 50 years under the Longshore and Harbor Workers' Compensation Act and the Black Lung Benefits Act, provided that when a claimant and a party opposing the award submit evidence that is equally probative but conflicting, the claimant wins. *Greenwich Collieries,* — U.S. at —— ——, 114 S.Ct. at 2259–60 (1994) (Souter, J., dissenting). We found that the evidence with regard to whether Skukan had pneumoconiosis was equally probative but conflicting, and thus it was appropriate for the ALJ to have applied the true doubt rule and found in favor of Skukan on this issue. 993 F.2d at 1239.

Subsequently, in *Greenwich Collieries* the Supreme Court held that the true doubt rule is invalid because it conflicts with Section 7(c) of the Administrative Procedure Act, which requires that the burden of proof remain with the claimant at all times. —— U.S. at ——, 114 S.Ct. at 2259. In light of that decision, we affirm the decision of the BRB because Skukan failed to show by a preponderance of the evidence that he had pneumoconiosis.

---

[*] The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation.